FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~LITTLE ROCK~~ Central DIVISION

| | |
|---|---|
| **ALANNA M. CAGLE** | **PLAINTIFF** |
| VS. | CASE NO. 4:21-cv-155-BSM |
| **FAMILY DOLLAR STORES OF ARKANSAS, LLC** | **DEFENDANT** |

This case assigned to District Judge Miller
and to Magistrate Judge Deere

**COMPLAINT**

Comes the Plaintiff, Alanna M. Cagle, by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

### JURISDICTION

1. The action involves application of the Family and Medical Leave Act of 1993 (FLMA), *29 U.S.C. §2601 et seq.* This court has jurisdiction of this action pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331.

### VENUE

2. The claims asserted in this action occurred within this district and the alleged violations and damages occurred in this district. Venue of this action is proper pursuant to *29 U.S.C. §2617* and *28 U.S.C. §1391.*

### PARTIES

3. Plaintiff is at all times material hereto was, a citizen of the State of Arkansas, residing in Pulaski County, Arkansas.

4. Plaintiff is informed and believes, alleges that the Defendant, Family Dollar Stores of Arkansas, LLC is a foreign limited liability company, that was doing business in Pulaski County, Arkansas at all times pertinent to this cause of action.

1

## STATEMENT OF FACTS

5. That at all times material to this cause of action, Plaintiff was an employee of the Defendant, Family Dollar Stores of Arkansas, LLC, working as an assistant manager in its store on Roosevelt Rd. in Little Rock, Arkansas.

6. That Plaintiff, Alanna M. Cagle, filed her Healthcare Provider Certification For Associates Own Condition with the Defendant to be permitted to take Family Medical Leave because of her pregnancy on February 24, 2020 and her application to take Family Medical Leave was approved by the Defendant on February 28, 2020 and is incorporated herein as though set forth word for word herein. (See Exhibit "1")

7. On March 8, 2020, Plaintiff gave birth to her child unexpectedly, but she informed the Defendant of the birth of her child.

8. The Defendant terminated the Plaintiff on March 8, 2020 alleging that she was terminated for being absent from work without furnishing a doctor's excuse as required by her employer.

9. That Plaintiff's doctor amended the certification for FMLA on February 10, 2020, indicating that the Plaintiff was having some complications with her pregnancy and requested that Plaintiff should be allowed to take maternity leave beginning on February 10, 2020 and is incorporated herein as though set forth word for word here. (See Exhibit "2").

10. That the Plaintiff had accumulated 1,250 hours of compensable hours in the 12 months prior to her termination on March 8, 2020.

11. The Plaintiff had worked until March 8, 2020 when she gave birth to her child.

12.    The Plaintiff had a right under the Family Medical Leave Act to take 12 weeks of unpaid leave for the birth and care of a newborn child beginning on March 8, 2020.

13.    That Plaintiff had 15 days to request an amended certification of her FMLA from March 8, 2020.

**CAUSE OF ACTION**

14.    Plaintiff realleges paragraphs 1-13 above as though set forth word for word herein.

15.    That Defendant violated 29 CFR §825.305(b) by not granting the Plaintiff the required 15 day grace period to provide a certification from her treating physician under FMLA.

16.    That Defendant should have considered the letter from the Plaintiff's doctor requesting that her maternity leave begin on February 10, 2020 (Exhibit "2") as sufficient as a certification that she had a serious health condition for which she was eligible for protection of her job under FMLA.

17.    That Plaintiff alleges at all times on or after March 8, 2020 that she was eligible for leave as defined in the FMLA.

18.    That Plaintiff is informed and believes and alleges that Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by terminating her employment on the date that she gave birth to her newborn child that was protected by FMLA.

19.    That as a proximate cause of Defendant's conduct, the Plaintiff was wrongfully terminated from her position for exercising her rights under the FMLA and as a proximate cause of Defendant's conduct, the Plaintiff is unemployed and has been and will continue to experience loss of wages all within the meaning of the FMLA, 29 U.S.C. §2617(a) in an amount to be proven at trial.

20. That as a proximate cause of the Defendant's conduct in interfering with, restraining and denying the Plaintiff her rights under FMLA, Plaintiff is entitled to be restored to her position pursuant to 29 U.S.C. §2614(1).

21. That as a proximate cause of the Defendant's conduct in interfering with, restraining and denying the Plaintiff her rights under FMLA, Plaintiff is entitled to costs which include, without limitation, loss wages, medical expenses from date of termination, back pay from the effective date of termination, lost employment benefits from the date of termination.

22. That Plaintiff is informed and believes and alleges that Defendant is liable under FMLA, 29 U.S.C. §2617(a).

**WHEREFORE**, Plaintiff, Alanna Cagle, prays for judgment against the Defendant as follows:

a. Statutory damages for loss wages, benefits, health insurance medical expenses, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. §2617(a)(1)(i) and 29 U.S.C §2617(a)(1)(A)(ii);

b. Additional liquidated damages in the amount to be awarded, pursuant to 29 U.S.C. §2761(a)(1)(iii);

c. Equitable relief in the form of reinstatement to her previous position; or front pay, as the court deems appropriate pursuant to 29 U.S.C. §2617(a)(1)(B);

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. §2617(a)(3), and such other relief as this Court may deem just and proper.

e. The Plaintiff demands a jury trial on all issues triable.

Respectfully submitted,

Sheila F. Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR  72115
(501)  374-0700(telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net

*/s/ Sheila Campbell*
Sheila F. Campbell

5

# HEALTH CARE PROVIDER CERTIFICATION
# FOR ASSOCIATE'S OWN CONDITION


sedgwick

**◆ DOLLAR TREE | FAMILY ◆ DOLLAR**

Phone: (877) 215-3437 | Fax: (704) 423-6241 | PO Box 14436 Lexington, KY 40512-4436

**Patient Name:** Alanna Cagle
**Claim Number:** 302043634460001IFN
**Due Date:** April 7, 2020

**INSTRUCTIONS to the ASSOCIATE:**
Please give this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. Your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

**INSTRUCTIONS to the HEALTH CARE PROVIDER:**
Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of the condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the associate is seeking leave. Please be sure to sign the form on the last page.

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Provider's name: _____ Jimmy C. Chang, M.D.,
Business address: _____ 3343 Springhill Drive Suite 1005 North Little Rock, AR 72117
Type of practice / Medical specialty: _____
Telephone: ( 501 ) 758-9251   Fax: ( 501 ) 758-0308


(stamp: Jimmy C. Chang, M.D., 3343 Springhill Drive, Suite 1005, North Little Rock, AR 72117 — shown inverted)

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: **3/18/20**

   Probable duration of condition: **6-8 wks**


EXHIBIT 1

**Mark below as applicable:**

Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
(No) ___Yes

If yes, dates of admission: Will be 2-3 inpatient days

Date(s) you treated the patient for condition: 8/26/19 to present

Will the patient need to have treatment visits at least twice per year due to the condition? ___No (Yes)

Was medication, other than over-the-counter medication, prescribed? ___No (Yes)

Was the patient referred to any other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
(No) ___Yes

If yes, state the nature of such treatments and expected duration of treatment:

_____

2. Is the medical condition pregnancy? ___No (Yes) If so, expected delivery date: 3/18/20

3. For the following question, use the job information provided by the employer. If the employer fails to provide a list of the associate's essential functions or a job description, answer these questions based upon the associate's own description of his/her job functions.

   Is the associate unable to perform any of his/her job functions due to the condition: ___No (Yes)
   If yes, identify the job functions the associate is unable to perform:
   Must be absent for delivery + Recovery

4. Describe other relevant medical facts, if any, related to the condition for which the associate seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   NOTE: In California and Connecticut, do not disclose the underlying diagnosis unless you have received consent from the patient.

   _____
   _____
   _____
   _____
   _____

**PART B: AMOUNT OF LEAVE NEEDED**



*T3020436344600011FN-4186*

5. Will the associate be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No __(Yes)

   If yes, estimate the beginning and ending dates for the period of incapacity: 3/18/20 — 5/19/20

6. Will the associate need to work part-time or on a reduced schedule because of the associate's medical condition? (No) ___Yes

   If yes, are a reduced number of hours of work medically necessary? ___No ___Yes

   N/A

   Estimate the part-time or reduced work schedule the associate needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the associate need to attend follow-up treatment appointments because of the associate's medical condition? (No) ___Yes

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period (e.g. 1 appointment every 3 months, and requires 1 day of recovery per appointment):

   Frequency: ____ appointment(s) every ____ week(s) or ____ month(s)

   Duration: ____ hours or ____ day(s) per appointment

8. Will the condition cause episodic flare-ups periodically preventing the associate from performing his/her job functions? (No) ___Yes

   Is it medically necessary for the associate to be absent from work during the flare-ups? ___No ___Yes
   If yes, explain:

   _____

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency: ____ times per ____ week(s) or ____ month(s)

   Duration: ____ hours or ____ day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.**

_____

_____

_____

_____     2/24/2020
**Signature of Health Care Provider**                **Date**

## MARKS, ALSTON & CHANG, M.D.
3343 Springhill Drive, Suite 1005
North Little Rock, AR 72117
Tel. (501) 758-9251

STEPHEN R. MARKS, M.D., F.A.C.O.G.
PHILLIP R. ALSTON, M.D., F.A.C.O.G.
JIMMY C. CHANG, M.D., F.A.C.O.G.

DIPLOMATES
AMERICAN BOARD
OBSTETRICS AND GYNECOLOGY

Ms. Alanna Cagle is pregnant and due 3-18-2020. She is experiencing pain. Please allow her to start maternity leave starting today 2-10-2020 till six weeks after delivery.

2-10-2020

**EXHIBIT 2**